## UNITED STATES *v.* HENRY.

1. An officer who shows that he received a commission from the proper source, and who serves and is recognized as such officer by his superiors until his regiment is mustered out, and who presented himself at the proper time and place to be mustered in, and was refused, makes out a *primâ facie* case for full pay under the joint resolution of Congress of July 26th, 1866, "for the relief of certain officers of the army."

2. It does not rebut this *primâ facie* case to prove that the officer who refused to muster him in *alleged* that he was not entitled to such muster, because the company to which he was assigned as lieutenant was below the minimum in numbers.

3. Such a statement is not a finding of the fact by the Court of Claims that the company *was* reduced below the minimum.

4. Nor does the fact, if found, bring the case within section twentieth of the act of March 3d, 1863, forbidding the appointment of officers to a regiment when that *regiment* has been reduced below the minimum number allowed for regiments.

APPEAL from the Court of Claims; the case being thus:

A joint resolution of Congress, approved July 26th, 1866,* resolves:

"That in every case in which a commissioned officer actually entered on duty as such commissioned officer, but, *by reason of being killed in battle, capture by the enemy, or other cause beyond his control,* and without fault or neglect of his own, was not mustered within a period of not less than thirty days, the pay department shall allow to such officer full pay and emoluments of his rank from the date on which such officer actually entered on such duty as aforesaid, deducting from the amount paid in accordance with this resolution all pay actually received by such officer for such period."

An act of Congress of prior date, March 3d, 1863,† had enacted in its twentieth section,—

---

* 14 Stat. at Large, 368.         † 12 Id. 734.

" That wherever a *regiment* is reduced below the minimum number required by law, no officers shall be appointed in such *regiment* beyond those necessary for the command of such reduced number."

In this state of statutory law, Anthony Henry, who had been duly commissioned as *second lieutenant* in the second regiment of Ohio volunteer infantry by the governor of that State—which commission he accepted on the 15th day of August, 1863—and who actually served and performed the duties of that office from that day until October 10th, 1864 (when he was mustered out of service with his regiment), and was during all that time recognized as such officer by his superior officers, and commanded the company in several battles, but had been paid only the amount due to the rank and service of *first sergeant of infantry*—filed a claim in the court below against the United States for $1118, the pay and allowance due to a second lieutenant.

The Court of Claims found as facts,

" That upon receipt of his commission from the governor of Ohio, the claimant presented himself for muster, as second lieutenant, to the proper mustering officer of his division, but was refused such muster, the mustering officer *alleging* that Company D, to which the claimant was assigned, was reduced below the minimum number, and that, therefore, he was not entitled to be mustered; that the claimant repeatedly offered himself for muster to the proper officer during the time aforesaid, but without success; and that he was always ready and anxious to be so mustered, and that his failure to be so mustered arose from a cause beyond his control, and without fault or neglect of his own."

The Court of Claims found in favor of the claimant, and decreed to him a second lieutenant's pay. The United States appealed.

*Mr. C. H. Hill, for the United States:*

As the company to which the claimant belonged was reduced below the minimum number, the act of March 3d, 1863, passed prior to the joint resolution, forbade his being

mustered. And it is not to be supposed that the joint resolution was meant to be applied to a case where the party could not be mustered in without a violation of law.

In addition to this, applying the ordinary rule of interpretation, that general words are to be construed as *ejusdem generis*, it would seem to be clear that the other causes referred to in the resolution are causes similar in nature to those particularly mentioned, namely, by reason of being killed in battle, or capture by the enemy.

*Messrs. N. P. Chipman and A. A. Hosmer, contra:*

The reason why Henry was refused pay for his services as lieutenant, was that he had never been mustered into the service as a lieutenant. But he offered himself repeatedly for such muster, and' produced his commission. He came, therefore, within the provisions of the joint resolution, since he entered on the duties of the office and performed the same, and his failure to be mustered in was " without fault or neglect of his own," and was from a cause " beyond his control."

Mr. Justice MILLER delivered the opinion of the court.

There is no question but that the claimant's case comes within the strict letter of the joint resolution.

The counsel for the United States, however, argues that the joint resolution can only have application to the case of an officer duly commissioned and *entitled by law to be mustered into service as such officer*, and that the finding of the court shows that the claimant was not entitled to be mustered in when he accepted his commission and offered himself for that purpose.

This would raise a very interesting question, and one which might not be easy of decision, if the record in this case fairly presented it. There is undoubtedly strong reason why Congress should have provided full pay for an officer who, holding a commission from the proper source, was given command and actually served as such officer, and had his rank recognized by all his superiors, though in point of

fact not mustered in as such or entitled to be; and it is certain he would not be entitled to such pay without the enabling act. But we do not find in the record the evidence, or any finding of the court that the claimant was not entitled to be mustered into the service. The finding of the Court of Claims on that subject is as follows:

"Upon receipt of the commission from the governor of Ohio the claimant presented himself for muster, as second lieutenant, to the proper mustering officer of his division, but was refused such muster, the mustering officer alleging that Company D, to which the claimant was assigned, was reduced below the minimum number, and that, therefore, he was not entitled to be mustered."

Counsel for the government, assuming that what the mustering officer alleged is to be treated here as an established fact, further assumes that that fact brings his case within the language of section twenty of the act of March 3d, 1863, to wit: "That whenever a *regiment* is reduced below the minimum number allowed by law, no officers shall be appointed in such regiment beyond those necessary for the command of such reduced number."

But the argument is open to more than one fatal objection.

1. The claimant having shown that he was regularly commissioned and served as a lieutenant, and was, without fault of his, refused a muster, so that he comes within the literal terms of the joint resolution; if any fact is relied on to defeat his claim, it should be specifically found and stated by the Court of Claims. This is not done by a finding of that court that the mustering officer *alleged* that Company D was reduced below the minimum number. If the fact that the company was below the minimum was important in the case, it should have been found as a fact by the court, and not stated merely as the alleged reason of the officer for refusing to muster in the claimant. The muster-roll of the company was within the control of the government, and would have settled the fact, one way or the other, beyond dispute.

2. The act relied on by counsel forbids the appointment of officers in a *regiment*, when it is reduced below the mini-

mum number allowed by law, beyond those necessary for the command of such reduced number.

It is quite consistent with a reduction of Company D below the minimum for a company, that the regiment was not below the minimum for a regiment. Indeed, it is unreasonable to suppose that because a single company is reduced below the minimum, that the regiment is for that reason to be so treated, and to have no more officers appointed in it until that company is filled up.

There is no finding, nor any allegation, in the present case, that the regiment was below the minimum, and, therefore, this act does not apply. Nor are we pointed by counsel to any law or regulation of the service which fixes what is the minimum of a regiment of volunteer infantry. Nor does the Court of Claims find any facts from which, if we had such a law or regulation before us, we could decide whether this regiment, or, indeed, this company, was in fact below the minimum as established by law at the time the claimant offered himself for muster.

Under these circumstances, the judgment of the Court of Claims must be

AFFIRMED.